IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-758 (1) |
| | § | |
| RAUL MURILLO-SANTOYO, | § | |
|     Defendant. | § | |

## **ORDER**

Pending before the Court are two letter motions filed by Defendant Raul Murillo-Santoyo ("Murillo"), which were received by the Clerk on November 27, 2006 and December 11, 2006, respectively. (D.E. 82, 84). In them, he asks the Clerk to send him a copy of his Presentence Investigation Report and "sentencing statement," (D.E. 84) or "sentenceing [sic] reports," (D.E. 82), which the Court construes as a request for a copy of his sentencing transcript. It appears that he is requesting these documents at government expense, because he has not asked about the cost or financial arrangements for obtaining them.

Assuming that Murillo could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Murillo was sentenced on April 12, 2006. (D.E. 61). Judgment of conviction and sentence was entered on April 14, 2006. (D.E. 63). He did not appeal and has not yet filed any post-conviction

---

[1] Murillo has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. He was eligible for appointed counsel during his underlying criminal proceedings, however. Because the Court resolves his motions on other grounds, it does not need to make a determination at this time as to whether Murillo is, in fact, indigent.

motions. Thus, he has no pending suit before the Court and has not yet filed any post-conviction motions for relief. He has not explained why he wants a copy of his sentencing transcript or his PSR. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

For the foregoing reasons, Murillo's letter motions for documents or a transcript at government expense (D.E. 82, 84) are DENIED.

ORDERED this 21st day of December, 2006.

_____
Janis Graham Jack
United States District Judge